The Honorable Jim Lendall State Representative 10625 Legion Hut Road Mabelvale, Arkansas 72103
Dear Representative Lendall:
This is in response to your request for an opinion concerning A.C.A. 20-16-804 (3). That provision is found in a subchapter entitled "Abortion — Parental Notification". The statute to which your refer provides for an alternate procedure in the event a minor seeking an abortion does not wish to have her parents notified. The statute allows the minor to petition the court for authorization for the abortion without parental notification. This procedure has been called a "judicial bypass" by the courts. The specific provision about which you inquire is 20-16-804 (3) which provides in pertinent part that:
 Proceedings in the court under this subchapter shall be confidential and shall be given such precedence over other pending matters so that the court may reach a decision promptly and without delay so as to serve the best interests of the pregnant minor or incompetent woman. . . .
You note that it has come to your attention that some courts in Arkansas are allowing these cases to be heard only on one day a week and, in some courts, only at a certain time that day. Your questions concerning these facts are as follows:
 1. Does restrictive scheduling of these cases violate the letter and intent of the statute?
 2. What, if any, restrictions may be imposed as far as when a woman may file a petition (or motion) for a hearing and when a hearing can be held?
You note that when these cases are confined to one day of the week and at a specific time on that day, the woman's right to a confidential proceeding is severely compromised. You also state that, in your opinion, restricting the hearing of these cases to one day a week, and in some cases only a certain time that day, does not sound like "giving precedence", and that missing this day and having to wait six or seven more days may cause undue hardship and possible health consequences for the women involved.
Your first question is whether "restrictive scheduling" of these cases violates the letter and intent of A.C.A.20-16-804(3). As noted above, that statute requires the proceedings to be "confidential" and that they be given "such precedence. . . so that the court may make a decision promptly and without delay so as to serve the best interests of the minor. . . ." This language gives the probate courts a measure of discretion as to how to schedule or manage these types of cases. The statute does not set any specific deadlines as to when the petition may be filed and when a hearing may be held. It leaves these matters up to the probate court, provided that the proceedings shall be "confidential", and a decision shall be reached "promptly" to serve the best interest of the minor. The interpretation of these terms may vary widely. We cannot conclude that the scheduling of these cases on one day of the week, even at a certain time on that day, would fail to meet the requirements of the statute in every case. For most court proceedings, the timetable you describe would be more than prompt, and the confidentiality requirement is likely directed more at preventing disclosure of the minor's name on court documents and records, and at holding the hearing in a non-public forum, than it is to the scheduling of the proceedings.
It should be noted, however, that a set schedule for these types of cases might not always serve the "best interests" of every minor. The required "promptness" of the proceeding may vary with each minor, taking into account, for example, the stage of her pregnancy. It is conceivable that in some cases, in order to assure the "best interests of the minor", a court will have to grant a hearing prior to the weekly scheduled date. This determination will have to be made by the court on a case-by-case basis. We recognize, of course, that the scheduling of these matters at a certain time on one day of the week could compromise the confidentiality or anonymity of the minor. This effect would result, however, not from the weekly schedule itself, but from the extent to which it is widely known or publicized. It is my opinion that a court could maintain this schedule and conform to the requirements of A.C.A. 20-16-804(3). Again, individual facts may determine the result.
It is my opinion, as stated above, that the practice of scheduling these cases at a set time one day of the week, does not necessarily violate the letter or intent of the statute in all cases. In the absence of any schedule, the court would be placed in a position of setting aside all matters to attend to these types of cases when an affected minor appeared at court. We do not believe that the language of the statute requires this result. It is my opinion, however, that the language of the statute requires the judge to schedule the hearing with the best interests of each individual minor in mind.
Your second question inquires as to what restrictions may be placed upon when a minor may file a petition, and when a hearing can be held. The statute does not set any limitations in this regard. The courts are thus free to schedule these cases as they see fit, as long as the procedures implemented do not violate the language of the statute, or run afoul of any constitutional provisions. We cannot set out a list of exactly what type of restrictions will pass muster and which will not; these questions will have to be answered on a case by case basis as they arise. We will note, however, that the recent case of Ohio v. Akron Center for Reproductive Health, 497 U.S. ___, 111 L.Ed.2d 405, 110 S.Ct. ___ (1990), is indicative of the United States Supreme Court's temperament on the issue. In Akron, the Court upheld an Ohio parental notification bill, and in discussing the confidentiality issue, noted that "[c]onfidentiality differs from anonymity, but we do not believe that the distinction has constitutional significance in the present context. . . . [W]e do not find complete anonymity critical." Akron, supra at 419. The Court upheld the proposed law in issue because the bill "took "reasonable steps to prevent the public from learning the minor's identity." 111 L Ed. at 419. As to the expedition of the process, the Court noted that the Ohio bill required the trial court to make its decision within five "business days" after the minor filed her complaint; required the court of appeals to docket an appeal within four days after the notice of appeal is filed; and required the court of appeals to render a decision within five days after docketing the appeal. The Court upheld this procedure, dismissing an argument that, if calculated on "business" days, this procedure could be as long as twenty-two days. The Court rejected the twenty-two day "worst case" analysis and upheld the provision. The Court also noted that the Court in Planned Parenthood Assn. of Kansas City No., Inc. v. Ashcroft, 462 U.S. 476 (1983), upheld a provision which could have required seventeen calendar days plus a sufficient time for deliberation and decision-making at both the trial and appellate levels. Akron, supra at 420.
Although the issues before the Court in Akron are not precisely the same as those you have raised, we believe that the Court's opinion is evidence of its general position on the topic. In light of this case, and other relevant law, we cannot conclude, based upon the limited information with which we have been presented, that the activities you describe are contrary to law.[1] Of course, any conclusive determinations in this regard would have to be made with the specific facts of a particular case in mind.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This conclusion may be strengthened by the fact that a "judicial bypass" may not be required at all when the issue is parental notification as opposed to parental consent. The Court in Akron expressly left this question open. See Akron supra at 418.